Lola FLAMM, Plaintiff,

v.

Stanley T. KUSPER, Jr., Individually and as County Clerk of Cook County, Illinois, Defendant.

No. 74 C 2902.

United States District Court,
N. D. Illinois, E. D.

Oct. 30, 1974.

Peter V. Baugher, Chicago, Ill., for plaintiff.

Bernard Carey, State's Atty., Cook County, and Frederic B. Weinstein and Richard K. Means, Asst. State's Attys., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

PERRY, Senior District Judge.

This cause came on upon the complaint and answer for trial without a jury. The court has heard the evidence and argument of counsel and is now fully advised in the premises.

The plaintiff, Lola Flamm, is the nominee of the Republican Party for the office of County Clerk of Cook County, Illinois in the general election to be held on November 5, 1974. The defendant, Stanley T. Kusper, Jr. is the nominee of the Democratic Party for said office and is the present incumbent County Clerk of Cook County. As such County Clerk, Stanley T. Kusper has jurisdiction of the supervision and conduct of the November 5, 1974 election in Cook County except in the City of Chicago and certain other cities and villages therein. It is a part of his duties to provide polling places for said election in said areas of Cook County and to deliver to judges of election in each voting precinct within his jurisdiction certain posters for placement in and about the various precinct polling places during the general election on November 5, 1974. Such posters include: (a) Card of Instruction, Form No. 35; (b) "Who Can Vote" Poster, Form No. 22; (c) Polling Place Sign, Form No. 25, and (d) Electioneering Prohibited Sign, Form No. 24. All of the expenses of printing of said posters and their posting are to be paid by the taxpayers of Cook County.

The plaintiff charges that defendant has had all of the aforesaid posters printed with his name affixed on each of them in letters much larger than those containing the information set forth on the posters, thereby drawing special attention to his name as County Clerk immediately before each voter is to cast his vote.

Plaintiff alleges that the aforesaid procedure violates her right to equal protection, or equal treatment, under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 and constitutes a violation of Ill. Rev.Stats., Ch. 46, § 17–29 in that plaintiff is using such procedure to influence the voters by having his name as County Clerk brought to the attention of voters when they approach the polling place, when they enter the polling place, when they make application for ballots and when they approach their voting booths. She alleges that this is a form of campaigning at the expense of the taxpayers and that it is a subtle form of soliciting votes within 100 feet of a polling place itself, which is contrary to the law as set forth in Section 17–29 of the Illinois Election Code, Ill.Rev.Stats., 1973, Ch. 46, § 17–29, which states in pertinent part that:

"No judge of election, . . . or other person shall, at any primary or election, do any electioneering or soliciting of votes . . . within any polling place or within 100 feet of any polling place . . ."

Plaintiff further charges that she has no remedy at law and that defendant will carry out the aforesaid plan on November 5, 1974 unless he is restrained from so doing by this court. She alleges that she will thereby be irreparably damaged and prays the court to take jurisdiction herein under the Fourteenth Amendment and the enabling statutes of the United States.

The defendant has answered the complaint and has also moved to dismiss the complaint for want of jurisdiction. In his answer the defendant admits that he had printed the posters in question bearing his name as County Clerk and that he expects to carry out the procedure as charged by plaintiff. He further answers and says that he is carrying out his statutory duties in printing the posters and that he will be required by

law to place the various posters in and about said polling places on November 5, 1974. For further answer he states that he is carrying out the aforesaid plan and doing the same as it has always been done by all other County Clerks in the State of Illinois.

■ This is a case of first impression in so far as it concerns the facts. But it is not such a case so far as it concerns the right of a candidate for public office to have equal protection or equal treatment. That such cases raise a Federal question under the Constitution is well settled, more particularly in this Seventh Circuit. See Weisberg v. Powell, 417 F.2d 388 (7th Cir. 1969); Mann v. Powell, 333 F.Supp. 1261 (N.D.Ill.1969), aff'd, 398 U.S. 955, 90 S.Ct. 2169, 26 L.Ed.2d 539 (1970); Shakman v. Democratic Organization of Cook County, 435 F.2d 267 (7th Cir. 1970); Bohus v. Board of Election Commissioners, 447 F.2d 821 (7th Cir. 1971); Smith v. Cherry, 489 F.2d 1098 (7th Cir. 1974), cert. denied, 417 U.S. 910, 94 S.Ct. 2607, 41 L.Ed.2d 214 (1974). Accordingly, the court finds and concludes that it has jurisdiction herein and it will and does assume jurisdiction of this cause. The motion of the defendant to dismiss was previously denied as it should have been and the defendant has filed his answer herein.

The facts are little in dispute. The court finds that Stanley T. Kusper has not initiated any new or novel procedure to conduct the election on November 5, 1974; but he has continued to use the same procedure as was used by his predecessors and every County Clerk in the 101 counties of the State of Illinois. He has not in any way acted in bad faith. However, mere use by others of this procedure and mere tradition does not make constitutional the actions of the defendant complained of herein by the plaintiff. The defendant has had posters printed pursuant to law proclaiming the conduct of an election. These posters are for posting outside of each polling place and he expects to post them outside each polling place within his jurisdiction.

Each of these posters has at the bottom thereof the name of Stanley T. Kusper printed above the words Cook County Clerk in letters very much larger than the remaining part of the posters. In each instance the name of Stanley T. Kusper is colored in a bold manner so as not to escape the attention of voters. The court further finds that the four posters planned for each polling place and the posters planned for each booth setting forth the proposition to be voted upon likewise contain the name of Stanley T. Kusper in much larger letters than the remaining part of said posters.

The court finds that there is no statutory requirement that Stanley T. Kusper's name as County Clerk be required to be affixed to any of the aforesaid posters and that the affixing of the name of Stanley T. Kusper to each of them is mere surplusage.

The court further finds that it would be appropriate for each of said posters to have affixed thereon some words such as authorized by the "Cook County Clerk."

■ The court further finds that the posters which are to be placed in front of or near the entrance of each polling place, the four posters to be placed in each polling place, and those to be placed in or near each booth, bearing the name of Stanley T. Kusper, Cook County Clerk, and paid for by the taxpayers of Cook County, amount to and are a violation of the Fourteenth Amendment of the United States Constitution in that they frequently repeat the name of Stanley T. Kusper as County Clerk and thereby tend to influence voters to vote for him instead of Lola Flamm and thereby do not afford to her equal protection of the laws.

The court also finds that the use of Stanley T. Kusper's name as hereinabove set forth does in fact give to him an unfair advantage over Lola Flamm because of the frequent repetition of his name in bold type on posters in and near the polling places at the expense of the taxpayers of Cook County and without

giving Lola Flamm's name the same publicity.

The court further concludes that this may very well influence some uncommitted voters to vote for Stanley T. Kusper and that it would be a subtle form of electioneering within 100 feet of a polling place and in polling places contrary to Section 17–29 of the Illinois Election Code, Ill.Rev.Stats., 1973, Ch. 46, § 17–29.

This action was filed on October 9, 1974. Plaintiff had knowledge of the facts herein since the March 1974 primary; but she waited to file this suit until the eve of the election. Meanwhile, the defendant, acting in good faith, had had printed all the posters, all at great expense to the taxpayers of Cook County. The name of Stanley T. Kusper can be obliterated from the posters or simply cut off at the bottom and the posters already printed can be used.

The taxpayers are not here represented but must have their interests considered by the court. It would be inequitable and unfair to the taxpayers of Cook County for the court to order a reprinting of said posters or a repackaging of election materials when plaintiff has come into court at this late hour. This is a court of equity and equity requires that this court should not grant relief to the extent of requiring the posters be reprinted and the materials repackaged. Had the plaintiff brought this suit in apt time, as she could have done, and before the taxpayers became liable for payment for printing, this court would have been empowered to and would have restrained the use of the name of Stanley T. Kusper upon said posters.

The plaintiff also made a number of other charges against the defendant concerning the furnishing of pencils and use of advertising in newspapers about which the parties have stipulated and reached an agreement and they are no longer in controversy. The plaintiff also charged in her complaint and in her counsel's argument, and has proved, that the defendant has had printed and expects to supply each polling place in his jurisdiction in Cook County with a large poster described as "Voting Machine Instruction Ballot," bearing the name of Stanley T. Kusper in bold letters; a form designated "Application for Ballots" at the bottom of which appears the name of Stanley T. Kusper in bold black letters and larger letters than used in the body of said form; a "Specimen Constitution Ballot", bearing a facsimile of the signature of Stanley T. Kusper as County Clerk, and a "Specimen Candidate Ballot", bearing a facsimile of the signature of Stanley T. Kusper as County Clerk. However, in final argument, counsel for plaintiff withdrew on her behalf claim for relief on account of these four instruments and the court makes no further findings of fact or conclusions of law concerning these said instruments but will consider that part of the complaint withdrawn, requiring no entry of decree thereon.

The court further finds that the practice followed by Stanley T. Kusper, as hereinabove set forth, has been followed by other County Clerks in the State of Illinois in exactly the same way he proposes to follow in the election of November 5, 1974. It was most unfortunate that this case was not enlarged to include all of the County Clerks in the State of Illinois who are following and have always followed the same procedure that Stanley T. Kusper has followed.

The plaintiff is entitled to the injunctive relief sought by her as such relief concerns the name of Stanley T. Kusper on said posters referred to in paragraph 2 of this Memorandum Opinion and a decree will be entered herein accordingly. This Memorandum Opinion consists of and shall stand as and for Findings of Fact and Conclusions of Law herein.

## DECREE GRANTING INJUNCTION

This cause came on to be heard before the Court on the complaint of the plain-

tiff seeking preliminary and permanent injunctions, and on the answer of defendant. The Court granted plaintiff's motion to advance the trial on the merits and consolidate the same with the application for preliminary injunction. After a trial held on October 25 and October 29, 1974, in which the testimony of witnesses, other evidence and argument of counsel were presented, the Court found for plaintiff against defendant, and is this day entering findings of fact and conclusions of law in support of its judgment.

It appearing to the Court that the defendant, unless enjoined by the court, will deliver to the judges of election in each voting precinct within his jurisdiction certain posters described below, for placement in and about the various precinct polling places during the general election scheduled to be held on November 5, 1974, which posters bear on their face the name of defendant, and the Court being of the opinion that the use of such posters will confer upon the defendant an advantage over the plaintiff in the election contest for the office of County Clerk of Cook County, thereby depriving the plaintiff of the equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution, and further would constitute a violation of Ill.Rev.Stats., Ch. 46, § 17–29.

It is, therefore, this 30th day of October, 1974, adjudged, ordered and decreed that the defendant, STANLEY T. KUSPER, JR., County Clerk of Cook County, Illinois, and all persons acting under his authority or control, including his officers, agents and servants, be and they, and each of them, are hereby enjoined and restrained from distributing to any judge of election in any voting precinct within the jurisdiction of the County Clerk of Cook County, any one or more of the following described posters, unless said delivery is accompanied by five copies of the letter of instructions appended hereto as Exhibit A:

(a) Card of Instruction, Form No. 35.

(b) "Who Can Vote" Poster, Form No. 22.

(c) Polling Place Sign, Form No. 25.

(d) Electioneering Prohibited Sign, Form No. 24.

The Court retains jurisdiction over this proceeding in order that it may issue any other injunction against the defendant as may appear necessary to effectuate its decision.

It is further ordered, adjudged and decreed that each of the parties hereto bear his or her own costs, this being a case of first impression and Stanley T. Kusper, Jr. having acted in good faith at all times, believing with good cause that he was properly executing his duties as his predecessors had done.

### EXHIBIT "A"

**STANLEY T. KUSPER, JR.**
County Clerk of Cook County, Illinois
Room 434, County Building
118 North Clark Street
Chicago, Illinois

November 1, 1974

TO ALL JUDGES OF ELECTION:

For the first time in the State of Illinois, a County Clerk has been prohibited from posting election information posters bearing his name in polling places. In accordance with the provisions of a decree entered October 30, 1974, in the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Joseph Sam Perry, Judge Presiding, in a case entitled Lola Flamm vs. Stanley T. Kusper, Jr., Individually and as County Clerk of Cook County, Illinois, No. 74 C 2902, *you are directed to undertake the actions detailed below by order of court.*

Judge Perry has authorized me to say that there is no evidence indicating that I have conducted or would conduct or supervise an election under me in any different manner than what my predecessors have done or in any different manner than the way all other County Clerks in all other counties of the State of Illinois have conducted elections until the law has been changed by virtue of Judge Perry's decree.

YOU ARE HEREBY DIRECTED to take the following actions prior to the opening of the polls on Tuesday, November 5, 1974:

1. Using a scissors or knife, cut off from the bottom edge of each of the following posters delivered to you by this office a strip of sufficient width to remove from the poster the words "Stanley T. Kusper, Jr., County Clerk of Cook County", without defacing the other printed material appearing on the face of the poster:

   (a) Card of Instruction, Form No. 35.

   (b) "Who Can Vote" Poster, Form No. 22.

   (c) Polling Place Sign, Form No. 25.

   (d) Electioneering Prohibited Sign, Form No. 24.

All posters, after this modification, shall be hung in the polling places in accordance with prior practice and as prescribed in the Election Judges' Manual. The bottom edges shall be discarded.

2. Four copies of this letter are also delivered to you herewith. One copy shall be distributed by you to each of the other election judges in your precinct prior to the opening of the polls on November 5, 1974.

> Yours very truly,
>
> Stanley T. Kusper, Jr.
> County Clerk of Cook County, Illinois